IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK CRAMER, :
    Petitioner :
: No. 1:18-cv-00396
v. :
: (Judge Kane)
SUPERINTENDENT, SCI COAL :
TOWSNHIP, et al., :
    Respondents :

## MEMORANDUM

Pending before the Court is Petitioner Derrick Cramer's ("Cramer") "Motion Under Rule 60(b)" (Doc. No. 1), as well as two motions for leave to proceed in forma pauperis (Doc. Nos. 2, 4). For the following reasons, the Court will grant Cramer's motions to proceed in forma pauperis for the sole purpose of initiating the above-captioned action and deny his Rule 60(b) motion.

**I.    BACKGROUND**

On February 14, 2018, Cramer, a previously unsuccessful federal habeas corpus petitioner, initiated the above-captioned action, which is styled as a Rule 60 motion. (Doc. No. 1.) As chronicled by this Court in Cramer's previous habeas action, he was convicted of First Degree Murder on May 9, 2003, following a jury trial in the York County Court of Common Pleas, Pennsylvania. See Cramer v. Sec'y Dep't of Corr., Civ. No. 07-496 (M.D. Pa. Dec. 7, 2012). Cramer received a sentence of life in prison. (Id.) His conviction and sentence were affirmed on direct appeal to the Pennsylvania Superior Court and his petition for allowance of appeal was denied by the Pennsylvania Supreme Court on August 12, 2004. (Id.)

Cramer filed a Post Conviction Relief Act ("PCRA") petition with the trial court on February 8, 2005. (Id.) The PCRA petition was denied on June 13, 2005, and the Pennsylvania

1

Superior Court denied an appeal on March 29, 2006. (Id.) The Supreme Court of Pennsylvania ultimately denied Cramer's petition for allowance of appeal on December 15, 2006. (Id.) On March 16, 2007, Cramer filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. (Id.) On April 5, 2007, this Court issued an Order serving the petition and directing that Respondents address the timeliness of Cramer's filing. (Id.) On May 21, 2007, the Court issued a Memorandum and Order dismissing Cramer's petition as untimely and directed the Clerk to close the case. (Id.)

On June 14, 2007, Cramer filed an appeal of the Court's May 21, 2007 Order with the United States Court of Appeals for the Third Circuit. (Id.) On April 21, 2011, the Third Circuit issued an opinion vacating this Court's May 21, 2007 Order, and remanded the case for purposes of considering whether Cramer was entitled to equitable tolling with respect to the filing of his habeas corpus petition. (Id.) This Court reopened the matter on May 19, 2011, and the parties briefed the issue of equitable tolling. (Id.) On December 7, 2012, the Court determined that equitable tolling was not warranted and dismissed the habeas corpus petition as untimely. (Id.) Cramer appealed the Court's Order on December 24, 2012, and on October 8, 2013, the Third Circuit denied his request for a certificate of appealability on the grounds that Cramer was not entitled to equitable tolling. (Id.) On February 14, 2018, Cramer filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b) in a new civil action, which is presently before the Court. (Doc. No. 1.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) states that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). It is well settled that "the remedy provided by [R]ule 60(b)(6) is

2

'extraordinary, and special circumstances must justify granting relief under it.'" Green v. White, 319 F.3d 560, 563 n.1 (3d Cir. 2003) (quoting Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986)); see also Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (stating that extraordinary circumstances "will rarely occur in the habeas context"); Agostini v. Felton, 521 U.S. 203, 239 (1997) ("[I]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)."). Motions filed pursuant to Rule 60(b) are "directed to the discretion of the trial court, and its exercise of that discretion will not be disturbed unless there [is] clear error and abuse of discretion." SEC v. Warren, 583 F.2d 115, 120 (3d Cir. 1978).

Additionally, all motions filed pursuant to Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Therefore, in addition to establishing extraordinary circumstances to justify the relief provided by Rule 60(b)(6), a petitioner who has been dilatory in filing must also establish extraordinary circumstances to allow for the motion to be heard:

> What constitutes a "reasonable time" depends on the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir. 1986); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). What constitutes a "reasonable time" also depends on which Rule 60(b) clause a claimant is trying to avail. We have noted that relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

In re Diet Drugs (Phenterminel/Fenfluraminel/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010).

## III.   DISCUSSION

Cramer's Rule 60(b)(6) motion appears to challenge this Court's December 7, 2012 Memorandum and Order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed in Cramer v. Sec'y Dep't of Corr., Civ. No. 07-496 (M.D. Pa. Dec. 7, 2012).  (Doc. No. 1 at 1-2.)  Cramer contends that he is entitled to relief under Rule 60(b)(6) because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s "rigorous gate-keeping arrangement[] essentially make[es] it impossible for [him] to pass through, causing him extreme and unexpected hardships."  (Id. at 2.)  Cramer asks that this Court "re-open" his habeas petition and grant him relief.  (Id.)

Cramer's motion does not address the nearly four-and-a-half year period between the Third Circuit's denial of a certificate of appealability in regard to his habeas petition and the present.  Cramer has not put forth any argument justifying his failure to bring this Rule 60(b)(6) motion within a "reasonable time."  Therefore, his motion for relief under Rule 60(b) must be denied.  See Sorbo v. UPS, 432 F.3d 1169, 1178 (10th Cir. 2005) (affirming district court's holding that a Rule 60(b) motion made within a year of summary judgment proceedings was not "made within a reasonable time" because plaintiff had not given "sufficient justification for the delay"); see also In re Diet Drugs, 383 F. App'x at 246 (citing Sorbo, 432 F.3d at 1178 n.7).

Even if Cramer's motion were timely, the Court finds that his arguments for allowing relief under Rule 60(b)(6) are without merit.  Ordinarily, "'[l]egal error does not by itself warrant the application of Rule 60(b) . . . . Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6).'"  Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 173 (3d Cir. 2004) (quoting Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977)).  Cramer had the opportunity on

4

appeal to challenge the finding that his earlier habeas petition should be dismissed as untimely. The Third Circuit directly rejected Cramer's argument for equitable tolling and dismissed the appeal. See Cramer, Civ. No. 07-496 at Doc. No. 51 (M.D. Pa. Oct. 8, 2013). Relief under Rule 60(b)(6) should be made available only if a petitioner demonstrates circumstances that overcome the "overriding interest in the finality and repose of judgments." Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (citations and internal quotation marks omitted). Cramer has failed to establish such an extraordinary set of circumstances and, therefore, the Court will deny his motion.

## IV. CONCLUSION

For the reasons set forth above, Cramer's motions to proceed in forma pauperis (Doc. Nos. 2, 4) are granted for the sole purpose of initiating the above-captioned action, and Cramer's Rule 60(b) motion (Doc. No. 1), is denied. An appropriate Order follows.