**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK CRAMER,** | : | |
|     Petitioner | : | |
| | : | No. 1:18-cv-00396 |
| v. | : | |
| | : | (Judge Kane) |
| **SUPERINTENDENT, SCI COAL** | : | |
| **TOWSNHIP, et al.,** | : | |
|     Respondents | : | |

**MEMORANDUM**

Before the Court is Petitioner Derrick Cramer ("Cramer")'s motion for reconsideration (Doc. No. 7), of this Court's March 12, 2018 Memorandum and Order (Doc. Nos. 4, 5), denying his motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). For the following reasons, Cramer's motion for reconsideration will be denied.

**I.  BACKGROUND**

The Court provided the background of this instant matter in its previous March 12, 2018, Memorandum (Doc. No. 4), stating as follows:

> On February 14, 2018, Cramer, a previously unsuccessful federal habeas corpus petitioner, initiated the above-captioned action, which is styled as a Rule 60 motion. (Doc. No. 1.) As chronicled by this Court in Cramer's previous habeas action, he was convicted of First Degree Murder on May 9, 2003, following a jury trial in the York County Court of Common Pleas, Pennsylvania. See Cramer v. Sec'y Dep't of Corr., Civ. No. 07-496 (M.D. Pa. Dec. 7, 2012). Cramer received a sentence of life in prison. (Id.) His conviction and sentence were affirmed on direct appeal to the Pennsylvania Superior Court and his petition for allowance of appeal was denied by the Pennsylvania Supreme Court on August 12, 2004. (Id.)
>
> Cramer filed a Post Conviction Relief Act ("PCRA") petition with the trial court on February 8, 2005. (Id.) The PCRA petition was denied on June 13, 2005, and the Pennsylvania Superior Court denied an appeal on March 29, 2006. (Id.) The Supreme Court of Pennsylvania ultimately denied Cramer's petition for allowance of

1

appeal on December 15, 2006. (Id.) On March 16, 2007, Cramer filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. (Id.) On April 5, 2007, this Court issued an Order serving the petition and directing that Respondents address the timeliness of Cramer's filing. (Id.) On May 21, 2007, the Court issued a Memorandum and Order dismissing Cramer's petition as untimely and directed the Clerk to close the case. (Id.)

On June 14, 2007, Cramer filed an appeal of the Court's May 21, 2007 Order with the United States Court of Appeals for the Third Circuit. (Id.) On April 21, 2011, the Third Circuit issued an opinion vacating this Court's May 21, 2007 Order, and remanded the case for purposes of considering whether Cramer was entitled to equitable tolling with respect to the filing of his habeas corpus petition. (Id.) This Court reopened the matter on May 19, 2011, and the parties briefed the issue of equitable tolling. (Id.) On December 7, 2012, the Court determined that equitable tolling was not warranted and dismissed the habeas corpus petition as untimely. (Id.) Cramer appealed the Court's Order on December 24, 2012, and on October 8, 2013, the Third Circuit denied his request for a certificate of appealability on the grounds that Cramer was not entitled to equitable tolling. (Id.)

(Doc. No. 5 at 1-2.) On February 14, 2018, Cramer filed a motion pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 1.) On March 12, 2018, the Court denied Cramer's motion, citing the Third Circuit's March 8, 2013 Order denying Cramer's application for a certificate of appealability nearly four-and-a-half years prior to the instant action. (Doc. No. 5.)

On March 22, 2018, Cramer filed a motion for reconsideration of the Court's denial of his previous Rule 60(b) motion, arguing that this Court ignored the "intent and purpose" of his motion, and that his motion should proceed because he asserted a claim of ineffective assistance of counsel due to his trial counsel's failure to attack the sentencing judge's "erroneous" jury instructions. (Doc. Nos. 1 at 3, 7 at 1.) Cramer maintains that pursuant to Hazel-Atlas,[1] this Court must consider the merits of his argument because he raises an issue of "fraud upon the

---

[1] Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1994).

court . . . perpetrated by the trial court itself" as a result of the court's jury instructions. (Doc. No. 7 at 1.)

## II. LEGAL STANDARD

Some applicants seeking habeas relief will often raise claims designated as a motion under Federal Rule of Civil Procedure 60(b) or Hazel-Atlas in order to avoid the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s second or successive gatekeeping requirements. See Ferguson v. United States, Civ. No. 11-0154, 2016 WL 1578777, at *4 (W.D. Pa. Apr. 20, 2016). However, a habeas applicant "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling a petition . . . as something other than what it is." Federal Habeas Manual § 11:42. In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court recognized that a motion that seeks to present newly discovered evidence in support of a claim previously denied presents a "claim." Id. at 532. The Court also found that a Rule 60(b) motion is a "true" 60(b) motion if it challenges only a procedural ruling of the habeas court that precluded a merits determination of the habeas application, id. at 532 n.4, or challenges a defect in the integrity of the federal habeas proceedings, such as an assertion of fraud, id. at 532.

When a document designated as a Rule 60(b) motion is filed in a habeas action, the assigned judge must determine whether the motion is a true Rule 60(b) motion or, rather, a second or successive habeas petition. Ferguson, 2016 WL 157877, at *4. If it is concluded that the motion is a true Rule 60(b) motion, the Court rules on the motion as it would do so with respect to any other Rule 60(b) motion. Gonzalez, 545 U.S. at 533-36. However, if it is concluded that the motion is an unauthorized second or successive habeas petition, it must be denied for lack of subject-matter jurisdiction. Id. at 531-32.

3

In Hazel-Atlas, the Supreme Court recognized an exception to the general rule "that judgments should not be disturbed after the term of their entry has expired," and held that federal courts have an inherent power to "set aside their judgments after the expiration of the term at which the judgments were finally entered . . . under certain circumstances, one of which is after-discovered fraud." Hazel-Atlas, 322 U.S. at 244. To meet this "demanding standard" and prove a claim of fraud on the court, petitioner must show there was: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005). "[A] determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,' and that it 'must be supported by clear, unequivocal and convincing evidence.'" Id.

However, whether a post-conviction motion for relief from judgment under Hazel-Atlas should be treated as a habeas motion is a "crucial" question because – as the court in United States v. Spikes, Crim. No. 08-201-2, 2015 WL 5460567 (E.D. Pa. Sept. 16, 2015) and United States v. Burnett, Crim No. 08-201, 2015 WL 3443946 (E.D. Pa. May 29, 2015), explained:

> [I]f the Hazel-Atlas motion is treated like a [habeas] motion, it is a second or successive petition, and [the petitioner] must procure a certificate of appealability from the Third Circuit of Appeals before this Court can consider the merits. If it is not, the Court may consider the merits now[.]

Spikes, 2015 WL 5460567, at *2; Burnett, 2015 WL 3443946, at *3.

District courts within the Third Circuit considering the issue and following the jurisprudence surrounding Rule 60(b) motions have instructed:

> First, the Court must determine whether the motion attacks the prisoner's underlying judgment of conviction or sentence, or attacks a prior judgment entered in post-conviction relief proceedings. See Gonzalez v. Crosby, 545 U.S. 524, 530-36 (2005). If it attacks the former, it is treated as a collateral attack on the conviction, and is subject to the limitations of the Antiterrorism

4

and Effective Death Penalty Act ("AEDPA"). Id. at 531; see also Nicholas v. Patrick, Civ. A. 06-1680, 2015 WL 2236674, at *12 (E.D. Pa. May 11, 2015) ("The Court must first determine whether petitioner's Hazel-Atlas [m]otions are in essence second or successive habeas petitions.").

Spikes, 2015 WL 5460567, at *2; Burnett, 2015 WL 3443946, at *5; Nicholas v. Patrick, Civ. No. 06-1680, 2015 WL 2236674, at *1-2 (E.D. Pa. May 13, 2015); United States v. Rodriguez, Crim. No. 98-362-12, 2012 WL 162297, at *5 (E.D. Pa. Jan. 18, 2012). The court in Rodriguez explained:

> Thus, only when a prisoner invokes Hazel-Atlas to "attack[ ] the integrity of the underlying criminal proceeding," should the prisoner's claim be treated as a second or successive [habeas] motion. Barrett, 2006 WL 3248396, at *9; accord United States v. McIntosh, 373 Fed. App'x. 597, 599 (7th Cir. 2010) ("The substance of McIntosh's post-judgment [Hazel-Atlas] motion is a request for relief from the underlying criminal judgment. Such a request, regardless of its caption, requires advance authorization from the court of appeals where, as here, its substance attacks the constitutional validity of the criminal judgment on the merits."). To hold otherwise would be to invite the use of Hazel-Atlas as a pleading device to evade the restrictions imposed by Congress on second or successive habeas petitions.

Id. at *5.

## III. DISCUSSION

Cramer's motion for reconsideration of this Court's March 12, 2018 Memorandum and Order requests that this Court address his claim of fraud upon the court, "perpetrated" by the "state court itself." (Doc. Nos. 1 at 3, 7 at 1.) In other words, Cramer, based upon the same arguments presented in his previously filed habeas petition, Docket No. 1:07-cv-496, attacks his underlying judgment of conviction or sentence. (Doc. Nos. 1, 7.) However, Cramer's argument purports to attack the integrity of the underlying criminal proceeding, i.e., the trial court's jury instructions that resulted in a conviction of first degree murder and a life sentence. Cramer

5

previously raised the instant argument before this Court and the Third Circuit. Under these circumstances, and for the same reasons set forth in this Court's March 12, 2018 Memorandum and Order (Doc. Nos. 5, 6), Cramer's motion for reconsideration will be denied.

Additionally, to the extent that Cramer's motion is construed pursuant to Hazel-Atlas, the Court is not convinced that it constitutes a proper Hazel-Atlas action as opposed to a second section 2254 motion. In Hazel-Atlas, the Court pointed to "after-discovered fraud" as a basis upon which "relief [may] be granted against judgments regardless of the term of their entry." Hazel-Atlas, 322 U.S. at 244. Cramer presented the basis underlying this argument in his post-conviction motions. (Doc. No. 1 at 10.) Consequently, he is attacking his conviction using the same theory he raised previously, and the fraud he alleges is not "after-discovered fraud" in that he has already unsuccessfully presented this argument. (Id.) Moreover, Cramer attacks the integrity of his underlying criminal conviction, rather than the integrity of the habeas proceeding itself. (Doc. No. 1, 7.); see also Ferguson, 2016 WL 1578777, at *10.[2] To pursue this claim, therefore, Cramer must seek authorization from the Court of Appeals to file a second or successive section 2254 motion.

---

[2] In its conclusion that the petitioner's motion was not a proper Hazel-Atlas motion, the Ferguson court cited to Nicholas v. Patrick, Civ. No. 06-1680, 2015 WL 2236674 (E.D. Pa. May 11, 2015), for the proposition that the petitioner had attacked the integrity of his underlying criminal convictions and not the integrity of the habeas proceedings. In Nicholas, the court held that the petitioner's motion was a proper Hazel-Atlas motion, and not a second or successive section 2254 motion. Id. at *2. In reaching this conclusion, the Nicholas court explained that "[r]ather than attacking his underlying conviction or sentence, [petitioner] challenge[s], pursuant to Hazel-Atlas[,] the validity of this Court's . . . Order denying petitioner's § 2254 petition in light of the alleged fraud committed upon this Court by Judge Glazer" in his submissions related to petitioner's habeas proceeding. Id. at *2. The Nicholas court determined that petitioner's motion attacked the manner in which his habeas petition was denied. Id. Similar to the Ferguson petitioner and unlike the Nicholas petitioner, Cramer's motion attacks rulings made in the case of the underlying criminal proceedings, not the habeas proceeding itself. Accordingly, the Court finds that Cramer's motion is not a proper Hazel-Atlas motion.

## IV. CONCLUSION

For the reasons set forth above, Cramer's motion for reconsideration (Doc. No. 7), will be denied. An appropriate Order follows.